```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO.  10-21893-CIV-MIDDLEBROOKS
                              (06-20139-CR-MIDDLEBROOKS)
                         MAGISTRATE JUDGE P.A. WHITE
```

| | |
|---|---|
| JOSE ADOLFO HURTADO-PAZ,       : | |
| Movant,                        : | |
| v.                             : | REPORT OF |
| | MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA,      : | |
| Respondent.                    : | |

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence following a guilty plea in Case No. 06-20139-Cr-Middlebrooks.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion with attached exhibits (Cv-DE#1), the government's answer with attached exhibits (Cv-DE#9), movant's traverse with attached exhibits (Cv-DE#13), the governments response to movant's traverse (Cv-DE#14), and all pertinent portions of the underlying criminal file, which includes the plea agreement (Cr-DE#813), and transcript of the plea and sentencing proceedings ("PST") (Cr-DE#893).

## Procedural History

On May 5, 2006, Movant was charged in a three-count indictment with conspiracy to import cocaine, conspiracy with intent to distribute cocaine, and conspiracy with intent to distribute cocaine on board a vessel. (Cr-DE#38). On June 30, 2006, Movant

was arrested in Colombia, and was incarcerated there until being extradited to the United States on April 23, 2008. (Cv-DE#1, p. 2; Cv-DE#9, p. 2; Cr-893, p. 16; Cr-DE#613; PSI, pp. 2, 17 at ¶ 71).

On May 22, 2009, movant pled guilty to Count 1 of the indictment pursuant to a plea agreement (Cr-DE## 813, 893). He was sentenced to 70 months imprisonment, with credit for time served while incarcerated in Colombia. (Cr-DE## 816, 893, p. 18). Movant did not file an appeal.

On August 31, 2009, Movant filed in the District Court a Motion Requesting Additional Sentence Adjustment For Extremely Harsh Pre-Sentence Conditions of Detention, seeking a one-level downward departure due to allegedly harsh conditions in Combita prison in Colombia. (Cr-DE#840). On September 17, 2009, the District Court denied the motion. (Cr-DE#844). Movant then timely filed this Motion pursuant to §2255 on May 19, 2010. (Cv-DE#1).

## Movant's Claim

Movant's sole claim appears to be that he was denied effective assistance of counsel at sentencing when his lawyer failed to request a one-level downward departure due to the allegedly harsh conditions in Combita prison in Colombia. (Cv-DE#1, pp. 15/2 & 19/6).[1] In an abundance of caution, the Court will assume that movant is also claiming that counsel was ineffective in failing to negotiate a plea agreement that included a recommendation for such a departure.[2] The Court notes, however, that movant does not challenge his guilty plea based on any alleged misadvice. Indeed, movant specifically states that he "does not allege that his plea was unknowing or involuntary." (Cv-DE#14, pp. 1-2).

---

[1] Movant states that he "asked counsel request of the court a one (1) level departure . . ." and that "he was deprived of effective assistance at sentencing . . ."

[2] A pro se prisoner's pleadings should be construed liberally. See, generally, Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

<u>Relevant Facts</u>

Pursuant to the plea agreement in this case, the parties agreed that they would jointly recommend to the Court that it: a) impose a sentence within the advisory guideline range; b) neither depart upward nor downward under the Sentencing Guidelines; c) make a finding that movant's adjusted offense level for Count 1 should be 27; and d) make a finding that the appropriate sentence would be 70 months. (Cr-DE#813, ¶¶ 7, 10). Movant further agreed to waive the right to appeal, unless the sentence exceeded the maximum permitted by statute or was the result of an upward departure from the guideline range. (<u>Id.</u> at ¶ 16).

At the plea and sentencing hearing, movant was placed under oath. (Cr-DE#893, p. 3). Movant stated that he had attended high school, had never been treated for any mental illness nor substance abuse, was not currently under the influence of drugs or alcohol, and was not taking any medications. (<u>Id.</u> at 4-5). The Court asked whether that movant had reviewed the indictment and discussed the case with his lawyer, to which movant replied that he had. (<u>Id.</u> at 5). When asked if he was satisfied with the representation his lawyer has provided, movant answered "Yes." (<u>Id.</u>). The Court then confirmed that it was movant's signature that appeared on the plea agreement, and reviewed with him the terms contained therein. (<u>Id.</u> at 6). With regard to the sentencing recommendation, the following exchange occurred:

THE COURT:   In this case you . . . have agreed to make a recommendation together with the government that you be sentenced to 70 months, and I'm prepared to accept that. But you need to understand that I would have had discretion to vary from the advisory guidelines up or down.

Do you . . . understand that, Mr. Hurtado-Paz?

DEFENDANT HURTADO PAZ: Yes, sir.

3

The Court also reviewed the minimum and maximum terms of imprisonment, the pertinent sentencing procedures, and movant's potential cooperation with the government. (Id. at 10). The Court explained movant's waiver of appellate rights, and movant stated that he understood and had spoken with his lawyer and was satisfied with his decision in that regard as well. (Id. at 10-11). Movant also stated that no promises had been made beyond those contained in the plea agreement, that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will because he was guilty. (Id. at 11). In addition, the Court confirmed that movant understood the constitutional rights he was giving up by not proceeding to trial, the loss of other valuable civil rights that would result, and possible immigration consequences. (Id. at 12). The government made a factual proffer, which movant admitted accurately described his conduct, and movant then entered his plea guilty. (Id. at 13-14). The Court then found that movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of his plea, that his plea was knowing and voluntary and supported by an independent factual basis, and that movant had discussed his waiver of appellate rights with counsel and that his appellate waiver was also knowing and voluntary. (Id. at pp. 15).

Before sentencing, counsel requested that the Court grant movant credit for time served since his arrest on June 30, 2006, which included the time served Combita prison in Colombia while awaiting extradition to the United States. (See, Id. at 16). The Court granted counsel's request, and then asked movant whether there was anything else movant wanted to say before it pronounced sentence. (Id. at 17). Movant replied "No, Sir," and the Court then imposed sentence. (Id. at 17-18).

4

Discussion

For the reasons set forth infra, movant's claims of ineffective assistance of counsel[3] are foreclosed by his knowing and voluntary guilty plea. A guilty plea is a waiver of substantial constitutional rights, and must therefore be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970). Thus, although movant specifically concedes that his plea was knowing and voluntary, the Court has nevertheless conducted an independent review of the record.

To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11 Cir. 2005). A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984).

As set out above, here the Court carefully confirmed during the Rule 11 colloquy that the plea was free from coercion, and that

---

3 Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

movant understood the nature of the charges and the consequences of his plea.  Movant's representations during the plea proceeding, as well as those of his lawyer and the prosecutor, and the findings by the Court when accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness.  DeVille v. Whitley, 21 F.3d 654, 659 (5 Cir. 1994). Here, consistent with movant's concession, the record conclusively reflects that movant's plea of guilty is in fact lawful in that it was entered in accordance with the applicable constitutional principles.

Turning to movant's claims, to the extent that movant may be alleging that counsel was ineffective in failing to negotiate a plea agreement which included a recommendation for a downward departure, that claim is foreclosed by movant's knowing and voluntary guilty plea.  The traditional rule is that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects up to that point in the proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973)(noting that a guilty plea represents a break in the chain of events which had preceded it in the criminal process). The waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See, Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5 Cir. 1981), cert. denied, 456 U.S. 992 (1982); see, also, United States v. Bohn, 956 F.2d 208, 209 (9 Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See

6

United States v. Broce, 488 U.S. 563, 574-575 (1989). Movant's voluntary guilty plea thus constitutes a waiver of any claim that counsel was ineffective in failing to negotiate a more favorable plea agreement.[4]

To the extent that movant claims counsel was ineffective in failing to request a downward departure at sentencing, that claim is also foreclosed by his knowing and voluntary guilty plea. Simply stated, movant cannot have it both ways; he cannot affirm the knowing and voluntary nature of his plea, yet seek to avoid the terms of his agreement.  To hold otherwise would permit movant an end-run around his agreement and waivers, and a second bite at his Motion Requesting Additional Sentence Adjustment.  Movant's claim of ineffectiveness at sentencing is thus wholly without merit. See, e.g., United States v. Castellanos, 2009 WL 1740595 *2 (D.Neb. June 16, 2009)(denying §2255 ineffective assistance claim where defendant agreed not to request a downward departure or seek any variance from the guidelines and did not allege that his plea was unknowing or involuntary, concluding that therefore the claim "lacks any legal basis."); Ellis v. United States, 2009 WL 1504813 *3 (E.D.Ark. May 27, 2009)(denying §2255 claim of ineffective assistance for failure to move for downward departure where movant " . . . stipulated that he would not seek a further reduction other than those . . . in the plea agreement," concluding that "[c]ounsel's performance on this point, then, was not deficient."); Mills v. United States, 2008 WL 4791651 *15 (D.N.J. Oct. 30, 2008)(denying §2255 claim that "counsel was ineffective for failing

---

[4]The Court notes that it appears any such claim would have nevertheless failled.  There is no constitutional right to a plea bargain, Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and courts have noted that "differences in the strategy, tactics, and styles of defense attorneys" exist with respect to the handling of plea negotiations.  Aguilar v. Alexander, 125 F.3d 815, 821 (9 Cir. 1997).  Here, the record reflects that movant received significant concessions as a result of the agreement negotiated by his counsel, which is likely why he does not challenge his plea.

to move for downward departure at sentencing . . . [where the] plea agreement expressly waived any right to seek [one]."); Al Madfai v. United States, 2008 WL 725652 *3 (M.D.Fla. March 17, 2008)(denying §2255 claim of ineffective assistance for failure to seek downward departure where "the plea and the waiver were knowingly, intelligently and voluntarily entered."); United States v. Rodriquez, 2007 WL 1192280 *6 (S.D.N.Y. April 24, 2007)(denying §2255 ineffective assistance claim, reasoning that "defendant waived his right to request a downward departure; he cannot now assert counsel was ineffective for failing to argue for [one]."); Jimenez v. United States, 2006 WL 3742787 *3 (D.Puerto Rico Dec. 15, 2006)(denying §2255 claim of ineffective assistance for failure to seek downward departure based on conditions of confinement where movant had "secured the benefits of a plea agreement and knowingly waived his right to seek other adjustments and departures."); Cheung Wai Hung v. United States, 2006 WL 1652655 *4 (E.D.N.Y, June 9, 2006)(denying §2255 claim of ineffective assistance claim failure to move for downward departure at sentencing where movant did not contend his waivers were unknowing or involuntary, concluding that movant was " . . . therefore barred by the Plea Agreement from challenging his conviction on these grounds."); Belle v. United States, 142 F.3d 431, 1998 WL 96553 *5 (6th Cir. 1998)(affirming denial of §2255 claim of ineffective assistance for failure to move for downward departure where movant agreed not to seek a downward departure and did not allege that he would not have pleaded guilty, concluding that movant was " . . . stuck with the plea agreement."); see, also, United States v. Dellosantos, 71 Fed.Appx. 72 (1st Cir. 2003).

## Conclusion

    For the reasons set forth, the record conclusively shows that movant is entitled to no relief. It is therefore recommended that the motion to vacate be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 10th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jose Adlolfo Hurtado-Paz, pro se
     Reg. No. 80452-004
     McRae Correctional Facility
     P.O. Drawer #30
     McRae, GA 31055


     Andrea Hoffman, AUSA
     United States Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132