UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21893-CIV-MIDDLEBROOKS/WHITE
(06-20139-CR-MIDDLEBROOKS)

JOSE ADOLFO HURTADO-PAZ,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Jose Adolfo Hurtado-Paz's ("Hurtado-Paz" or "Movant") *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (DE 1), timely filed on May 19, 2010.

On May 21, 2009, Hurtado-Paz pled guilty to one count of conspiracy to import cocaine in violation of 21 U.S.C. § 963. (Cr-DE 809, 813). Pursuant to a written Plea Agreement, the Government and Movant jointly recommended a sentence within the advisory guidelines range; specifically, of 70 months (Cr-DE 813, ¶¶ 7,10). Giving effect to the negotiated intent of the parties, the Court sentenced Movant to 70 months imprisonment, with credit for time served in Colombian prison. (Cr-DE 816). Hurtado-Paz does not dispute that he entered into this Plea Agreement knowingly and voluntarily. (DE 13 at 1-2). Yet, in the instant Motion, he insists that he received constitutionally-deficient assistance of counsel at sentencing insofar as his counsel failed to breach the terms of the Agreement and move for downward departure based on harsh prison conditions in Colombia. (DE 1 at 5).

Magistrate Judge Patrick A. White has reviewed Mr. Hurtado-Paz's Motion and supporting memorandum (DE 1), the Government's Answer (DE 9), Movant's Traverse (DE 13), the

Government's Response (DE 14), and relevant portions of the underlying criminal file, and has issued a Report and Recommendation ("R&R") (DE 15) advising that Mr. Hurtado-Paz's Motion be denied. (DE 15 at 8). In essence, Judge White concludes that Movant's ineffective assistance claim is foreclosed by Movant's Plea Agreement, in which he expressly waives the right to move for downward departure. (DE 15 at 7-8).

Having reviewed Judge White's R&R, and Movant's Objections (DE 16), and after a thorough, *de novo* review of Mr. Hurtado-Paz's file, I agree that Hurtado-Paz's Motion to Vacate should be denied for the reasons articulated by Judge White. Simply put, an attorney cannot be deemed constitutionally ineffective for failing to seek downward departure where, as here, such right was knowingly, intelligently, and voluntarily waived by his client as part of a negotiated plea agreement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge White's R&R (DE 15) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Mr. Hurtado-Paz's Motion to Vacate, Correct, or Set Aside Sentence (DE 1) is **DENIED**.

The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, FL, this 12 day of January, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Jose Adolfo Hurtado-Paz, *pro se*
      Reg. No. 80452-004
      McRae Correctional Facility
      P.O. Box 30
      McRae, GA 31055

2